UNITED STATES' DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL CASE NUMBER:

CHUKWUMA E. AZUBUKO
Plaintiff

Case: 1:20-cv-03525   Jury Demand
Assigned To : Nichols, Carl J.
Assign. Date : 11/30/2020
Description: Pro Se Gen. Civil (F Deck)

V.

01)   ONE UNKNOWN BOSTON POLICE OFFICER – IN INDIVIDUAL & OFFICIAL CAPACITIES

02)   THE CLERK - BOSTON MUNICIPAL COURT (CENTRAL) – IN IND. & OFFICIAL CAPS.

03)   ONE UNKNOWN BOSTON MUNICIPAL COURT OFFICIAL (CENTRAL) – IN IND. & ...

04)   DOUGLAS F. WOODLOCK – IN INDIVIDUAL AND OFFICIAL CAPACITIES

05)   TWO UNKNOWN BROOKLINE POLICE OFFICERS – IN IND. & OFFICIAL CAPACITIES

06)   THREE UNKNOWN MASSACHUSETTS' PROSECUTORS – IN IND. & OFF. CAPS.

07)   THREE UNKNOWN MASSACHUSETTS' DISTRICT COURT JUDGES &

08)   MASSACHUSETTS' REGISTRAR OF MOTOR VEHICLES – IN IND. & OFFICIAL CAPS.
Defendants

COMPLAINT

INTRODUCTION

The lawsuit flew from an unjustifiable vehicular citation the first Defendant issued the Plaintiff sometimes in December 2008 at the intersection of Stuart, South Charles and Charles Streets, Boston – Massachusetts. The Plaintiff requested for a hearing with $25.00 hearing filing fee, all things being equal. The hearing was never scheduled owing to conspiratorial agreements or criminal enterprise at the Boston Municipal Court (Central). That is the notorious custom of the said court! Sadly, default judgment was annoyingly entered against the Plaintiff and it culminated into revocation of the Plaintiff's basic driving license. The Plaintiff having noticed

the revocation notice from the eight Defendant, the Plaintiff approached the second Defendant who knew and condoned the corruption with insurance companies for higher auto premium/s: it associated with bribes [too]! The third Defendant denied the Plaintiff Due Process Clause unfairly. On the self-same day, there was a White-man who had similar problem with the Plaintiff – non-notice of hearing date. The Plaintiff was flatly denied a new hearing date! Sadly, he gave him a new hearing date and warned him not to miss it! The Plaintiff left the court without causing any commotion and without knowing that it would create monumental consequences for him. Striking amongst them were homelessness and health collapse hitherto – the latter – or ongoing health problems.

Having being denied due process by the second and third Defendants, the Plaintiff went to the fourth Defendant who is/was a judge at the United States' District Court for the Eastern District of Massachusetts for an injunction against the second and eight Defendants, but miscarriage of justice characteristically prevailed. He dismissed the case with the striking *ratio-decidendi* as the Rooker-Feldman doctrine as if he knew not the limitations to the said doctrine vis-à-vis the United States' Supreme Court ruling or precedent. As is the rule, the Plaintiff was condemned to [an] overt judicial racial discrimination as if it were compliance with the matchless Law of the Land and Act of God. [C.f. App. 1]

Central to the unlawful law enforcement – trespassers of the law – which, is unlawful according to the precedent of the United States' Supreme Court, The fifth, sixth and seventh Defendants as a result of the false and unlawful information that originated from the second and third Defendants, arrested, prosecuted and adjudged the Plaintiff for driving with suspended registration and without insurance on December 10th, 2010. It should be noted that one of the sixth Defendants falsely prosecuted the Plaintiff to the point of botched or near jury trial at the

Dedham's District Court - Massachusetts. If the fourth Defendant had acted neutrally, the Plaintiff would not have been arrested on the so-called bases, which would not be dissociated from undue burdens or Massachusetts' officials induced frustration. Factly, the *but for* doctrine attaches. *But for* doctrine is also known as *eggshell* doctrine and Massachusetts' Courts recognizes it in civil and criminal cases. The law speaks for itself! If need be, probative evidence will be tendered thus precedents. Central to the necessary Defendants "Action for Failure to Prevent," Defendants number six, seven and eight acted with/out knowing that they were enforcing unlawful order – trespassers of the law – and it is actionable objectively speaking/s.

**PARTIES**

The Plaintiff resides in the Suffolk County – Massachusetts – United States. The Plaintiff's contact address is as stated below. The first Defendant is/was an employee of the City of Boston thus Boston Police Department (BPD). The contact person and address will be: Corporation Counsel, City of Boston, Law Department – Room 615, One City Hall Square, Boston – MA 02201. Defendants number two, three, six, seven and eight are employees of the Massachusetts. The contact person and address will be: Massachusetts' Attorney General, Government & Trial Division, One Ashburton Place, Boston – MA 02108. On the fourth Defendant, he is/was an employee of the United States as a judge. The contact person and address will be: United States' Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. On the Defendants number five, they are/were employees of the Town of Brookline. The contact person and address will be: Brookline Town Counsel, Counsel's Office, 333 Washington Street, Brookline – MA 02445.

**JURISDICTION**

That exists on constitutional, statutory and procedural bases. However, some will be cited! [Article III Sec. 2; First Amendment; Fourth Amendment; Fifth Amendment; 15 U.S.C. Sec. 15; 28 U.S.C. Secs. 1343, 1346(b), 1361, 2674 and 2680(h); 42 U.S.C. Secs. 1981, 1983. 1985, 1986 and 3617; Mass. Const. Arts. 6, 10, 11 and 12; Mass. Gen. Law Ch. 93 Secs. 10 and 101; Mass. Gen. Law Ch. 258 Secs. 1-10; …]

**BASES OF COMPLAINT**

01) That the necessary Defendants' in/directly condemned the Plaintiff to covert and overt discrimination and *but for* doctrine attaches roundly or indisputably.

02) That the necessary Defendants' actions culminated into the Plaintiff being homeless central to revocation of the Plaintiff Massachusetts' issued driving license [by Defendant number eight]

03) That the Defendants deemed it wise to be blind at their oath of offices, so much so that they violated the Plaintiff's Civil Rights Act of 1964.

04  That the Defendant number four knowingly denied the Plaintiff access to the United States' District Court for the District of Massachusetts under the color law – not knowing the limitations of the Rooker-Feldman's doctrine.

05) That the necessary Defendants' actions qualified for lack of *skill*.[1]

06) That the Defendants' actions qualified for negligent infliction of emotional distress.

07) That the Defendants' actions qualified for intentional infliction of emotional distress.

---

[1] "Skill may be defined as that special form of competence which is not part of the ordinary equipment of the reasonable man, but which the results of acquired learning and aptitude developed by special training and and experience." [Harper, James and Gray; "The Law of Torts Second Ed. Vol. 2 Sec. 16.6]

08) That the fifth Defendants' actions qualified for false arrest and imprisonment.

09) That number six Defendants' actions qualified for malicious prosecution.

10) That the necessary Defendants' actions qualified for deprivation of property's and liberty's interest despite knowing the unlawful circumstances, which led to the so-called driving without license, suspended registration and without insurance.

11) That the necessary Defendants knowingly deprived the Plaintiff *duty of care* and "The Requirements of Due Process."

12) That the Defendants' actions qualified for *lack of skill* by and large!

13) That the Defendants' actions qualified for *deliberate indifference* too!

## PLAINTIFF'S DEMAND FOR JURY TRIAL

That is in keeping with the law! [Seventh Amendment; Mass. Const. Art. 15]

## PLAINTIFF AND RELIEF SOUGHT

At this juncture, there is known and if need be, the Plaintiff will notify the Court.

## COMPENSATORY AND PUNITIVE DAMAGES

For each Defendant, it will be $2m on individual and $3m on official capacities respectively.

The grand total will be $40m. Cost and interest will be excluded [as is the rule]

## CONCLUSION

The importance of Equal Protection and Due Process Clauses cannot be over-emphasized. More, the oath of office must not be knowingly designedly trivialized with calmness of mind! It will not be to the optimum interest of jurisprudence or justice and inter-generational equity to choose to be blind at the United States' Judicial Code of Conduct, at this juncture!

*(signature)*
CHUKWUMA E. AZUBUKO
*Pro Se*
P O Box 171121
Boston – MA02117-1351
Telephone: (857) 417 2044

**Dated: Monday – 11/9/2020 in Boston – Massachusetts.**